UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLEGARIO BANUELOS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-04549 |
| ) | |
| v. ) | |
| ) | |
| ACTION MANAGEMENT GROUP, LLC, ) | |
| AND EASTEK INTERNATIONAL ) | Jury Trial Demanded |
| CORPORATION, ) | |
| ) | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, Olegario Banuelos ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Action Management Group, LLC and Eastek International Corporation ("Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Olegario Banuelos, resides in Cook County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Action Management Group, LLC (AMG) is a limited liability company doing business in and for Cook County, Illinois, whose address is 26 Piper Lane, Prospect Heights, Illinois 60070-1781.

10. At all times material to the allegations in this Complaint, Defendant, Eastek International Corporation (EIC) is a corporation doing business in and for Lake County, Illinois, whose address is 1280 Rose Road, Lake Zurich, Illinois 60047-1575.

11. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendants had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

13. Plaintiff worked for Defendant EIC as a Forklift Operation in or around October 2023.

14. Plaintiff was hired for the position through the Defendant's staffing agency, Defendant AMG.

15. Since the beginning of Plaintiff's employment, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of national origin, violating Title VII and Section 1981.

16. Plaintiff is Hispanic and is a member of a protected class because of his national origin whom Defendants subjected to different terms and conditions of employment than others not within his protected class.

17. At the start of Plaintiff's employment, Plaintiff was subjected to racial remarks from David Williams, Defendant EIC's Warehouse Manager.

18. Mr. Williams would make comments such as "You Mexicans are only good for this."

19. These comments were often made in front of co-workers subjecting Plaintiff to further ridicule.

20. Plaintiff was the only Hispanic/Mexican working in the warehouse.

21. During one incident where Mr. Williams made offensive remarks, Plaintiff opposed those comments and asked that he watch his language as it was disrespectful.

22. In or around December 2023, Defendants had a Christmas party where Plaintiff was in attendance.

23. During the party, Plaintiff attempted to clear the air with Mr. Williams.

24. Mr. Williams responded by cussing at Plaintiff stating, "Shut the Fuck up; you Mexicans say the same things all the time."

25. Plaintiff was shocked by the reaction as his hope was to create a better working relationship. Instead, he was met with more racial remarks.

26. In or around January 2024, Plaintiff verbally complained to the Defendant AMG, about the racial discrimination and disparate treatment that Plaintiff had been suffering from.

27. Plaintiff shared that the atmosphere was a hostile work environment due to the constant discrimination and the occasional threat from Mr. Williams that he was fired.

28. Mr. Williams would later on say that his firing was a joke.

29. Defendant AMG, did not reach out to Plaintiff again about any investigation or remedial steps to prevent Plaintiff from being exposed to the hostile working conditions.

30. On or around February 16, 2024, Plaintiff received a text from Alex (LNU)(Caucasian) supervisor, saying that the Defendant was moving in a new direction and that his work was no longer needed.

31. Plaintiff contacted the Defendant AMG, for more details because he did not have any write-ups or disciplinary actions.

32. Plaintiff met or exceeded Defendants' performance expectations during the entire duration of his employment.

33. Plaintiff was told this was for "poor performance."

34. Defendants' reason for Plaintiff's termination is pretext to the discrimination and in retaliation for Plaintiff's complaint about the disparate treatment he was receiving in regards

4

to his national-origin.

35. Plaintiff was unlawfully terminated because of his national origin, (Hispanic) on or around February 16, 2024.

36. Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

37. Plaintiff reported the national origin based and race-based harassment to Defendants.

38. Plaintiff was targeted for termination because of their race and national origin.

39. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

40. There is a basis for employer liability for the national origin based and race-based harassment that Plaintiff was subjected to.

41. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

5

44. Defendants' conduct against Plaintiff's race and national origin amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

45. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

46. Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

47. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

48. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's race and national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. Plaintiff met or exceeded performance expectations.

51. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

52. Defendants terminated Plaintiff's employment on the basis of Plaintiff's race and national origin.

53. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race and national origin.

54. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Race-Based Harassment)

56. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

57. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

58. Defendants knew or should have known of the harassment.

59. The race-based harassment was severe or pervasive.

60. The race-based harassment was offensive subjectively and objectively.

61. The race-based harassment was unwelcomed.

62. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race and national origin, Hispanic and Mexican

63. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

65. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

66. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

67. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted national origin based and race-based discrimination or national origin based and race-based harassment.

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of national origin based and race-based discrimination or harassment.

70. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

71. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

72. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff's reporting the national origin based and race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of Title VII.

74. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendants as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of May, 2024.

                                        /s/ *Alexander J. Taylor*
                                        **ALEXANDER J. TAYLOR**
                                        **SULAIMAN LAW GROUP LTD.**
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        Phone (331) 272-1942
                                        Fax (630) 575 - 8188
                                        ataylor@sulaimanlaw.com
                                        *Attorney for Plaintiff*