IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLEGARIO BANUELOS, | ) | |
|        Plaintiff, | ) | Case No. 24-cv-04549 |
| | ) | |
| v. | ) | Judge Sara L. Ellis |
| | ) | |
| ACTION MANAGEMENT GROUP, LLC and | ) | Magistrate Judge Jeffrey T. Gilbert |
| EASTEK INTERNATIONAL CORPORATION, | ) | |
| | ) | |
|        Defendants. | ) | |
| ACTION MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
|        Cross-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| EASTEK INTERNATIONAL CORPORATION, | ) | |
| | ) | |
|        Cross-Defendant. | ) | |

## DEFENDANT, EASTEK INTERNATIONAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Eastek International Corporation ("EIC"), by its attorneys, Kristine S. Phillips and Maggie Nance of O'Hagan Meyer LLC, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### ANSWER

#### Nature of Plaintiff's Claims

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

**ANSWER:** Defendant EIC denies the allegations and legal conclusions in this paragraph and denies that any claims under Title VII or Section 1981 have been alleged.

#### Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

**ANSWER:** Defendant EIC admits only that jurisdiction has been alleged.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ANSWER:** Defendant EIC admits only that venue has been alleged but denies the remaining allegations and legal conclusions contained in this paragraph.

Administrative Prerequisites

4. All conditions precedent have been fulfilled or been complied with.

**ANSWER:** Defendant has insufficient knowledge or information to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

**ANSWER:** Defendant EIC admits only that Exhibit A purports to be a Charge of Discrimination by Plaintiff against Defendant EIC filed with the EEOC. To the extent the allegations in this paragraph are inconsistent with Exhibit A, they are denied.

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

**ANSWER:** Defendant has insufficient knowledge or information to either admit or deny when Plaintiff received a Notice of Right to Sue from the EOOC, and therefore, demands strict proof thereof. Defendant EIC admits only that Exhibit B purports to be a Dismissal and Notice of Rights from the EEOC dated May 29, 2024. Defendant denies any allegations in this paragraph which are inconsistent with Exhibit B.

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

**ANSWER:** Defendant has insufficient knowledge or information to either admit or deny when Plaintiff received a Notice of Right to Sue from the EOOC, and therefore, demands strict proof thereof. Defendant EIC admits only that Plaintiff filed the instant Complaint against Defendant EIC on or about May 31, 2024.

The Parties

8. At all times material to the allegations of this Complaint, Plaintiff, Olegario Banuelos, resides in Cook County, Illinois.

**ANSWER:** Defendant EIC has insufficient knowledge or information to either admit or deny Plaintiff's residence during all time material to the allegations in his Complaint and therefore, demands strict proof thereof.

9. At all times material to the allegations in this Complaint, Defendant, Action Management Group, LLC (AMG) is a limited liability company doing business in and for Cook County, Illinois, whose address is 26 Piper Lane, Prospect Heights, Illinois 60070-1781.

**ANSWER:** The allegations in this paragraph are not directed at Defendant EIC and therefore, Defendant has insufficient knowledge or information to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof.

10. At all times material to the allegations in this Complaint, Defendant, Eastek International Corporation (EIC) is a corporation doing business in and for Lake County, Illinois, whose address is 1280 Rose Road, Lake Zurich, Illinois 60047-1575.

**ANSWER:** Defendant EIC admits only that it does business in Lake Zurich, Illinois and its address is 1280 Rose Road, Lake Zurich, Illinois 60047. Defendant denies Plaintiff's allegations asserted in the Complaint.

11. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER:** Defendant EIC denies that it was Plaintiff's employer within the meaning of Title VII. Defendant EIC admits only that Plaintiff was AMG's employee.

12. During the applicable limitations period, Defendants had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**ANSWER:** Defendant EIC denies that it was Plaintiff's employer within the meaning of Title VII. Defendant EIC was an employer with at least 15 employees and has been engaged in an industry affecting commerce within the meaning of Title VII, but denies that any claims or violations under Title VII have been alleged.

<u>Background Facts</u>

13. Plaintiff worked for Defendant EIC as a Forklift Operation in or around October 2023.

**ANSWER:** Defendant EIC denies the allegations in this paragraph. Defendant admits only that Plaintiff was a forklift operator working on its premises.

14. Plaintiff was hired for the position through the Defendant's staffing agency, Defendant AMG.

**ANSWER:** Defendant EIC admits only that Plaintiff was AMG's employee and that AMG placed Plaintiff to work at EIC.

15. Since the beginning of Plaintiff's employment, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has

been subjected to a hostile work environment on the basis of national origin, violating Title VII and Section 1981.

**ANSWER:** **Defendant EIC denies the allegations and legal conclusions in this paragraph.**

16. Plaintiff is Hispanic and is a member of a protected class because of his national origin whom Defendants subjected to different terms and conditions of employment than others not within his protected class.

**ANSWER:** **Defendant EIC has insufficient knowledge or information to either admit or deny Plaintiff's national origin and therefore, demands strict proof thereof. Defendant EIC denies the remaining allegations and legal conclusions in this paragraph.**

17. At the start of Plaintiff's employment, Plaintiff was subjected to racial remarks from David Williams, Defendant EIC's Warehouse Manager.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

18. Mr. Williams would make comments such as "You Mexicans are only good for this."

**ANSWER:** **Defendant denies the allegations in this paragraph.**

19. These comments were often made in front of co-workers subjecting Plaintiff to further ridicule.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

20. Plaintiff was the only Hispanic/Mexican working in the warehouse.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

21. During one incident where Mr. Williams made offensive remarks, Plaintiff opposed those comments and asked that he watch his language as it was disrespectful.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

22. In or around December 2023, Defendants had a Christmas party where Plaintiff was in attendance.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

23. During the party, Plaintiff attempted to clear the air with Mr. Williams.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

24. Mr. Williams responded by cussing at Plaintiff stating, "Shut the Fuck up; you Mexicans say the same things all the time."

**ANSWER:** **Defendant denies the allegations in this paragraph.**

25. Plaintiff was shocked by the reaction as his hope was to create a better working relationship. Instead, he was met with more racial remarks.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

26. In or around January 2024, Plaintiff verbally complained to the Defendant AMG, about the racial discrimination and disparate treatment that Plaintiff had been suffering from.

**ANSWER:** **As this paragraph is directed at Defendant AMG, Defendant EIC has insufficient knowledge or information to either admit or deny the allegations and legal conclusions in this paragraph and therefore, demands strict proof thereof.**

27. Plaintiff shared that the atmosphere was a hostile work environment due to the constant discrimination and the occasional threat from Mr. Williams that he was fired.

**ANSWER:** **As this paragraph is directed at Defendant AMG, Defendant EIC has insufficient knowledge or information to either admit or deny the allegations and legal conclusions in this paragraph and therefore, demands strict proof thereof.**

28. Mr. Williams would later on say that his firing was a joke.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

29. Defendant AMG, did not reach out to Plaintiff again about any investigation or remedial steps to prevent Plaintiff from being exposed to the hostile working conditions.

**ANSWER:** **As this paragraph is directed at Defendant AMG, Defendant EIC has insufficient knowledge or information to either admit or deny the allegations and legal conclusions in this paragraph and therefore, demands strict proof thereof.**

30. On or around February 16, 2024, Plaintiff received a text from Alex (LNU)(Caucasian) supervisor, saying that the Defendant was moving in a new direction and that his work was no longer needed.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

31. Plaintiff contacted the Defendant AMG, for more details because he did not have any write-ups or disciplinary actions.

**ANSWER:** **As this paragraph is directed at Defendant AMG, Defendant EIC has insufficient knowledge and information to either admit or deny the allegations in this paragraph and therefore, demands strict proof thereof.**

32. Plaintiff met or exceeded Defendants' performance expectations during the entire duration of his employment.

**ANSWER:** **Defendant denies the allegations and factual and legal conclusions in this paragraph.**

33. Plaintiff was told this was for "poor performance."

**ANSWER:** **Defendant admits that it informed AMG that Plaintiff was not a good performer.**

34. Defendants' reason for Plaintiff's termination is pretext to the discrimination and in retaliation for Plaintiff's complaint about the disparate treatment he was receiving in regards to his national-origin.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

35. Plaintiff was unlawfully terminated because of his national origin, (Hispanic) on or around February 16, 2024.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

36. Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

37. Plaintiff reported the national origin based and race-based harassment to Defendants.

**ANSWER:** **Defendant EIC denies that Plaintiff reported any harassment to it. Defendant has insufficient knowledge or information to either admit or deny the allegations in this paragraph to the extent they are directed to Defendant AMG and therefore, demands strict proof thereof.**

38. Plaintiff was targeted for termination because of their race and national origin.

**ANSWER:** **Defendant denies the allegations and factual conclusions in this paragraph.**

39. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

40. There is a basis for employer liability for the national origin based and race-based harassment that Plaintiff was subjected to.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

6

41. Plaintiff can show that he engaged in statutorily protected activity -a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

Count I
Violation of 42 U.S.C. § 1981
(Race-Based Discrimination)

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

**ANSWER:** **Defendant restates its answers and denials to paragraphs 1-41 as though fully stated herein.**

43. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**ANSWER:** **The allegations contained in this paragraph call for a legal conclusion and therefore no answer is made. To the extent an answer to the allegations contained in this paragraph is required, they are denied.**

44. Defendants' conduct against Plaintiff's race and national origin amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

45. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

46. Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

47. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph and denies that Plaintiff has suffered any damages or damages to the extent alleged.**

WHEREFORE, Defendant, Eastek International Corporation, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Olegario Banuelos, denying and dismissing Count I of his Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

Count II
Violation of Title VII of the Civil Rights Act of 1964
(Race-Based Discrimination)

48. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

**ANSWER:** **Defendant restates its answers and denials to paragraphs 1-41 as though fully stated herein.**

49. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's race and national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

50. Plaintiff met or exceeded performance expectations.

**ANSWER:** **Defendant denies the allegations and factual conclusions in this paragraph.**

51. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

52. Defendants terminated Plaintiff's employment on the basis of Plaintiff's race and national origin.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

53. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race and national origin.

**ANSWER:** **The allegations contained in this paragraph call for a legal conclusion and therefore no answer is made. To the extent an answer to the allegations contained in this paragraph is required, they are denied.**

54. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph and denies that Plaintiff has suffered any damages or damages to the extent alleged.**

WHEREFORE, Defendant, Eastek International Corporation, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Olegario Banuelos, denying and dismissing Count II of his Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

Count III<br>Violation of Title VII of The Civil Rights Act of 1964<br>(Race-Based Harassment)

56. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

**ANSWER:** **Defendant restates its answers and denials to paragraphs 1-41 as though fully stated herein.**

57. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

58. Defendants knew or should have known of the harassment.

**ANSWER:** **Defendant denies the allegations and factual conclusions in this paragraph.**

59. The race-based harassment was severe or pervasive.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

60. The race-based harassment was offensive subjectively and objectively.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

61. The race-based harassment was un welcomed.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

62. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race and national origin, Hispanic and Mexican.

**ANSWER: The allegations contained in this paragraph call for a legal conclusion and therefore no answer is made. To the extent an answer to the allegations contained in this paragraph is required, they are denied.**

63. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER: Defendant denies the allegations and legal conclusions in this paragraph.**

64. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**ANSWER: Defendant denies the allegations and legal conclusions in this paragraph and denies that Plaintiff has suffered any damages or damages to the extent alleged.**

WHEREFORE, Defendant, Eastek International Corporation, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Olegario Banuelos, denying and dismissing Count III of his Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

Count IV
Violation of Title VII of The Civil Rights Act of 1964
(Retaliation)

65. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

**ANSWER: Defendant restates its answers and denials to paragraphs 1-41 as though fully stated herein.**

66. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

**ANSWER: The allegations contained in this paragraph call for a legal conclusion and therefore no answer is made. To the extent an answer to the allegations contained in this paragraph is required, they are denied.**

67. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted national origin based and race-based discrimination or national origin based and race-based harassment.

**ANSWER: Defendant denies the allegations and legal conclusions in this paragraph.**

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

69. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of national origin based and race-based discrimination or harassment.

**ANSWER:** **Defendant denies the allegations and factual conclusions in this paragraph.**

70. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

71. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

72. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff's reporting the national origin based and race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

73. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph.**

74. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**ANSWER:** **Defendant denies the allegations and legal conclusions in this paragraph and denies that Plaintiff has suffered any damages or damages to the extent alleged.**

WHEREFORE, Defendant, Eastek International Corporation, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Olegario Banuelos, denying and dismissing Count IV of his Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

11

**AFFIRMATIVE DEFENSES**

Defendant, Eastek International Corporation, by its attorneys, Kristine S. Phillips and Maggie Nance of O'Hagan Meyer LLC, for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

**First Affirmative Defense**

**(Defendant EIG was not Plaintiff's Employer)**

1. Defendant EIG was not Plaintiff's employer within the meaning of Title VII.

2. Defendant did not compensate Plaintiff for any work he performed at Defendant's place of business, nor did Defendant control Plaintiff's work or the manner in which he performed his work.

3. Plaintiff was employed by Defendant AMG at all relevant times.

4. AMG compensated Plaintiff directly for work Plaintiff performed at Defendant EIG's place of business.

5. AMG controlled Plaintiff's work including the manner in which Plaintiff performed his work at Defendant EIG's place of business.

6. Therefore, Defendant EIG is not Plaintiff's "employer" within the meaning of Title VII and Plaintiff cannot seek relief against Defendant EIG for any claims under Title VII.

**Second Affirmative Defense**

**(Plaintiff did not meet Defendant EIC's legitimate expectations and was terminated for nondiscriminatory and non-retaliatory reasons)**

1. Plaintiff exhibited poor performance while he worked at Defendant EIC's place of business. Plaintiff did not meet or exceed Defendant's legitimate expectations.

2. Specifically, Plaintiff engaged in the following which demonstrate poor performance and insubordination:

12

a) Could not complete accurate counts of inventory;
b) Moved inventory from locations and relocated inventory without informing other workers;
c) Took excessive breaks and exceeded scheduled break times;
d) Slept on the forklift during working hours;
e) Failed to punch in or out for the workday;
f) Became extremely unreliable in his last month of work; and
g) Otherwise failed to perform his job competently and otherwise failed to meet Defendant EIC's legitimate expectations.

3. Based on, but not limited to, the foregoing, Plaintiff did not meet Defendant EIC's legitimate expectations.

4. Defendant told AGM that Plaintiff could no longer work for Defendant because of Plaintiff's poor performance. Therefore, Plaintiff was released from working at Defendant's place of business due to non-discriminatory and non-retaliatory reasons.

WHEREFORE, Defendant Eastek International Corporation, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Olegario Banuelos, on its Affirmative Defenses denying and dismissing his Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

DATED: July 29, 2024                    Respectfully submitted:

                                        Eastek International Corporation

                                        By:/s/     _Kristine S. Phillips_____
                                            One of its attorneys

Kristine S. Phillips
Maggie Nance
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100
Facsimile:   312.422.6110
kphillips@ohaganmeyer.com
mnance@ohaganmeyer.com

13

**CERTIFICATE OF SERVICE**

    This is to certify that on this 29th day of July, 2024 I electronically filed **Defendant, Eastek International Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR PLAINTIFF:**
Alexander J. Taylor
Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
ataylor@sulaimanlaw.com
nvolheim@sulaimanlaw.com

**ATTORNEY FOR DEFENDANT, ACTION MANAGEMENT GROUP, LLC:**
Samuel G. Harrod IV
Meltzer, Purtill & Stelle, LLC
1515 E. Woodfield Rd., Ste. 250
Schaumburg, IL 60173
PH: 847-330-2418
sharrod@mpslaw.com

/s/ *Kristine S. Phillips*
Kristine S. Phillips
Maggie Nance
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
mnance@ohaganmeyer.com

14