IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLEGARIO BANUELOS, | ) | |
|                 Plaintiff, | ) | Case No.  24-cv-04549 |
| | ) | |
|       v. | ) | Judge Sara L. Ellis |
| | ) | |
| ACTION MANAGEMENT GROUP, LLC and | ) | Magistrate Judge Jeffrey T. Gilbert |
| EASTEK INTERNATIONAL CORPORATION, | ) | |
| | ) | |
|                 Defendants. | ) | |
| ACTION MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
|                 Cross-Plaintiff, | ) | |
|       v. | ) | |
| | ) | |
| EASTEK INTERNATIONAL CORPORATION, | ) | |
| | ) | |
|                 Cross-Defendant. | ) | |

**DEFENDANT, EASTEK INTERNATIONAL CORPORATION'S AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Eastek International Corporation ("EIC"), by its attorneys, Kristine S. Phillips and Maggie S. Nance of O'Hagan Meyer LLC, for its Amended Affirmative Defenses to Plaintiff's Complaint, states as follows:

**First Affirmative Defense**

**(Defendant EIG was not Plaintiff's Employer)**

1. Defendant EIG was not Plaintiff's employer within the meaning of Title VII.

2. Defendant did not compensate Plaintiff for any work he performed at Defendant's place of business, nor did Defendant control Plaintiff's work or the manner in which he performed his work.

3. Plaintiff was employed by Defendant AMG at all relevant times.

4. AMG compensated Plaintiff directly for work Plaintiff performed at Defendant EIG's place of business.

5. AMG controlled Plaintiff's work including the manner in which Plaintiff performed his work at Defendant EIG's place of business.

6. Therefore, Defendant EIG is not Plaintiff's "employer" within the meaning of Title VII and Plaintiff cannot seek relief against Defendant EIG for any claims under Title VII.

## Second Affirmative Defense

**(Plaintiff did not meet Defendant EIC's legitimate expectations and was terminated for nondiscriminatory and non-retaliatory reasons)**

1. Plaintiff exhibited poor performance while he worked at Defendant EIC's place of business. Plaintiff did not meet or exceed Defendant's legitimate expectations.

2. Specifically, Plaintiff engaged in the following which demonstrate poor performance and insubordination:

   a) Could not complete accurate counts of inventory;
   b) Moved inventory from locations and relocated inventory without informing other workers;
   c) Took excessive breaks and exceeded scheduled break times;
   d) Slept on the forklift during working hours;
   e) Failed to punch in or out for the workday;
   f) Became extremely unreliable in his last month of work; and
   g) Otherwise failed to perform his job competently and otherwise failed to meet Defendant EIC's legitimate expectations.

3. Based on, but not limited to, the foregoing, Plaintiff did not meet Defendant EIC's legitimate expectations.

4. Defendant told AGM that Plaintiff could no longer work for Defendant because of Plaintiff's poor performance. Therefore, Plaintiff was released from working at Defendant's place of business due to non-discriminatory and non-retaliatory reasons.

## Third Affirmative Defense

**(Failure to Mitigate Damages)**

1.      To the extent Plaintiff was not reasonably diligent in seeking other employment and did not exercise reasonable diligence to find comparable employment, then Plaintiff's damages, if any he had, are barred by his failure to mitigate damages, or his damages are subject to decrease by his failure to timely mitigate. *United States EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 818 (7th Cir. 1990).

WHEREFORE, Defendant Eastek International Corporation, prays that this Honorable Court enter judgment in its favor and against the Plaintiff, Olegario Banuelos, on its Amended Affirmative Defenses denying and dismissing his Complaint, with costs assessed against the Plaintiff, and any other relief to which this Court deems equitable and just.

DATED: August 5, 2024

Respectfully submitted:

Eastek International Corporation

By: /s/ *Maggie S. Nance*
One of its attorneys

Kristine S. Phillips
Maggie Nance
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
mnance@ohaganmeyer.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this 5th day of August, 2024, I electronically filed **Defendant, Eastek International Corporation's Amended Affirmative Defenses to Plaintiff's Complaint,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR PLAINTIFF:**
Alexander J. Taylor
Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
ataylor@sulaimanlaw.com
nvolheim@sulaimanlaw.com

**ATTORNEY FOR DEFENDANT, ACTION MANAGEMENT GROUP, LLC:**
Samuel G. Harrod IV
Meltzer, Purtill & Stelle, LLC
1515 E. Woodfield Rd., Ste. 250
Schaumburg, IL 60173
PH: 847-330-2418
sharrod@mpslaw.com

/s/ *Maggie S. Nance*
Kristine S. Phillips
Maggie Nance
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
mnance@ohaganmeyer.com

Page **4** of **4**